

ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Hempstead, New York 11550
Tel.: 516/280.4600
*MFLawNY.com*
*GetOvertimePay.com*

Marcus Monteiro

May 20, 2024

**VIA ECF**
The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE:    *Herrera, et al. v. Zanghi, et al.*
               Civ. No.: 23-cv-03726-JMA-ST

Dear Judge Tiscione:

     This Firm represents Plaintiffs in this wage/overtime case. Plaintiffs hereby move under Your Honor's Indiv. Rule III.A. for a protective order and to quash eight subpoenas issued by Defendants against non-party witnesses, or to schedule an immediate conference or hearing. Plaintiffs Romulo Herrera, Caleb Gonzalez, Edwin Duran, Jorge Gonzalez, Erick Guardado, Noe Gonzalez, and Geovanny Ramirez bring this action for, *inter alia*, wage/overtime violations under the FLSA and NYLL. Plaintiffs alleged that they worked for a company called Cheap Charlies Tree Service ("Cheap Charlies"), a commercial and residential tree service company that engages in tree removal, stump removal, and tree trimming, pruning, and shaping (located at 112 Shinnecock Lane, East Islip, NY).

     Plaintiffs allege they worked the following employment terms: Romulo Herrera (2012 to April 2023); Caleb Gonzalez (2013-2015, 2016-Nov. 2022, Feb. 2023 to April 2023); Edwin Duran (March 2020 – Dec. 2021, April 2022 to April 2023); Jorge Gonzalez (Jan. 2020 to Feb. 2023); Erick Guardado (Sept. 2020 to April 2023); Noe Gonzalez (June 2021 to April 2023). Defendants allege that Plaintiffs worked shorter work terms than those alleged by Plaintiffs.

     **I.**    **The Subpoenas**

     On May 8, 2024, I received an email from Defendants' counsel indicating that the following subpoenas were being sent "out to our process server for service" to the following eight entities: Big Brother Tree Service (226 Sherbrooke Road, Lindenhurst, NY), Branching Out Tree Service (405 Ralph Avenue, Copiague, NY), Dank Tree Service (5800 Old Sunrise Highway, Massapequa, NY), Diesel Direct (1010 Stewart Avenue, Bethpage, NY), Golden Pine Tree Service (185 Oak Street, Amityville, NY), JCs Tree Service (102-22 92nd Avenue, Richmond Hill, NY), JR's Tree Service, 131-64 Hook Creek, Blvd., NY), and We Care (2093 Hancock Avenue, Bellmore, NY). The subpoenas commanded the following: "with respect to the employment of Romulo Herrera, Caleb Gonzalez, Edwin Duran, Jorge Gonzalez, Erick Guardado &/or Noe Gonzalez from 2017-current: all documents identifying (i) dates of employment; & (ii) terms & conditions of employment (e.g. communications, schedules, time records, wage records, personnel files)." The documents are returnable to Defendants' counsel's office by 5/24/2024 at 9:00am. *See* Ex. 1: the Subpoenas.

## II.     Legal Standards

Rule 26 permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"  Rule 26(c) states that "a party may seek a protective order if the discovery sought would subject the party to annoyance, embarrassment, oppression or undue burden or expense.   On a motion to quash, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  Fed. R. Civ. P. 45.

Generally, information about a former or current employer is not relevant to the issue as to whether or not a defendant violated the NYLL or FLSA.  *Chen v. SS&C Techs., Inc.,* 2023 WL 2387112, at *4 (S.D.N.Y. 2023) ("The Court begins from the general principle, as [Plaintiffs] correctly cite, that in general, information from their current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws."); *Tucker v. Interstate Home Loan Ctrs., Inc.*, 2022 WL 4079580, at * (E.D.N.Y. 2022) (granting motion to quash where employment records from plaintiff's subsequent employers were not relevant to substantive legal issue) (collecting cases); *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11–12 (S.D.N.Y. 2015) ("Generally, information from or about Plaintiffs' current employers is irrelevant in determining whether the defendant-employers violated wage and hour laws."); *Campos v. Zopounidis,* 2011 WL 4852491, at *3 (D. Conn. Oct. 13, 2011) (holding all testimony of Plaintiffs' current employers "inadmissible because it is wholly irrelevant to issue of whether or not Plaintiffs received adequate compensation from the Defendants"); *Wagner v. Viacost.com,* WL 1879914, at *1–2 (S. D. Fla. 2007) (holding that documents from Plaintiffs' current employer "are not relevant to the defense of this [FLSA] lawsuit"); *Barrington v. Mortage IT, Inc.,* 2007 WL 4370647, at *4 (S. D. Fla. 2007) ("The Court finds that the records of Plaintiffs' former employers do not appear relevant to the claims or defenses herein—whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation and whether Defendant properly classified Plaintiffs' positions as exempt from the FLSA overtime provisions."); *Tucker v. Interstate Home Loan Centers, Inc.*, 2022 WL 4079580, at *2 (E.D.N.Y. Sept. 6, 2022) (Magistrate Wicks reviewed non-party witness subpoenas issued to a plaintiffs current and former employer in a NYLL and FLSA case, seeking documents like time-cards and "other written documents pertaining to [plaintiff's] employment at each company."  Judge Wicks granted the motion to quash the non-party subpoenas, holding: "It is far from clear how employment records from [plaintiff's] subsequent employers would adduce evidence showing the amount of work [he] performed at [defendants].")

Here, the subpoenas were issued in blanket fashion – all requesting the same exact information for the same exact years (2017 to current) for the same plaintiffs. However, the subpoenaed documents are greatly beyond the terms that Plaintiffs alleged they worked for Cheap Charlies.  Specifically, the subpoenas demand the employment records from 2017  - which predates the period that Edwin Duran, Jorge Gonzalez, Erick Guardado and Noe Gonzalez alleged they worked for Cheap Charlies, and is therefore irrelevant.  Similarly, the subpoenas require the production of "current" employment records - despite no plaintiff alleging he worked for Cheap Charlies after April 2023.

Thus, the subpoenas are prejudicial, grossly overbroad, designed to draw potential and/or current employers into this conflict, designed to harass and are detrimental to plaintiffs' job prospects. *Chen v. SS&C Techs., Inc.,* 2023 WL 2387112, at *5 (S.D.N.Y. 2023)("Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment[,]" and, therefore, courts "typically require relevant information about subsequent employment to be obtained through less intrusive means; usually, through the plaintiff… [C]ourts within the Second Circuit have recognized that because of the direct negative effect that disclosures of disputes with past employers can have on

present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.") (quoting *Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010) (finding that employer did not meet "its burden to establish a 'right' to the particular discovery sought by the Subpoenas" to plaintiff's current employers); *Moll v. Telesector Res. Grp., Inc.*, 2016 WL 6093995, at *3 (W.D.N.Y. 2016) (granting motion to quash subpoena to plaintiff's current employer based on prejudice to employer and risk to plaintiff's employment)(collecting cases).

### III.     Plaintiffs Have Standing to Quash the Subpoena

The party moving to quash a subpoena must have standing. *KGK Jewelry LLC v. ESD Network*, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) (collecting cases). "[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). "However, it is well settled that an individual has a privacy interest with respect to the information contained in employment records and thus can challenge non-party subpoenas." *Tucker v. Interstate Home Loan Centers, Inc.,* 2022 WL 4079580, at *2 (E.D.N.Y. 2022); *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 WL 11673310, at *3 (E.D.N.Y. 2016) ("Here, the plaintiff has a privacy interest with respect to information contained in her employment records, and thus, can challenge the subpoenas"); *Johnson v. J. Walter Thompson U.S.A., LLC*, 2017 WL 3055098, at *6 (S.D.N.Y. 2017) ("An employee has a privacy interest in her employment records sufficient to give her standing to object to a subpoena for those records served on a non-party employer"); *Peddy v. L'Oreal USA Inc.*, 2019 WL 3926984, at *1 (S.D.N.Y. 2019) (same); *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. 2016).

### IV.     Expedited Relief and Good Faith Efforts

Plaintiffs request that this Court schedule a conference/hearing at a time/date this is convenient to the Court, recognizing that the subpoenaed parties were commanded to produce responsive documents by Friday, May 24, 2024 at 9:00am.

Regarding the Plaintiffs' good faith efforts, on May 17, 2024, Plaintiffs emailed Defendants requesting that Defendants withdraw the subpoenas and immediately alert the subpoenaed parties that the subpoenas were withdrawn. Later that day, Plaintiffs followed that email with a letter repeating its demand, and further requesting a meet and confer by Monday, May 20, 2024 (Ex. 2). Defendants emailed Plaintiffs quickly, stating that the "characterization of the validity of the subpoenas is misguided, legally flawed and inaccurate" and offered to meet and confer on Wednesday, May 22, 2024.  Defendants followed that email with a letter, arguing that the requested documents are relevant to Plaintiffs employment with other entities and repeating that "Defendants will not be withdrawing the subpoenas."  Plaintiffs next emailed Defendants, stating that a Wednesday meet and confer will not leave sufficient time to receive a Court response seeking "emergency relief and possibly obtain a decision in advance of the subpoena return date."

Therefore, Plaintiffs request that the multiple emails and letters exchanged by the Parties constitute a good faith effort under Loc. Civ. R. 26.4 and FRCP 37(a)(1) - truer still when taking into account the exigent nature of this request and the fast-approaching May 24, 2024 subpoena return date.

I thank the Court for considering this request.

Dated: May 20, 2024

/s/ Marcus Monteiro