

Attorneys At Law

Main Office:
91. N. Franklin Street
Hempstead, New York 11550
Tel.: 516/280.4600
*MFLawNY.com*
*GetOvertimePay.com*

Marcus Monteiro

June 21, 2024

**VIA ECF**
The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE:    *Herrera, et al. v. Zanghi, et al.*
               Civ. No.: 23-cv-03726-JMA-ST

Dear Judge Tiscione:

      This Firm represents Plaintiffs in this wage/overtime case. Plaintiffs hereby move under Your Honor's Indiv. Rule III.A. for permission to file an Amended Pleading under Rule 15(a) of the Fed. R. Civ. P., which provides that a party may amend its complaint after a responsive pleading has been served "only with ... the court's leave," which should "freely" be given "when justice so requires." Fed. R. Civ. P. 15 (a)(2). Courts usually look favorably on requests to amend under Rule 15(a). *See Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991). A motion to amend should be denied "only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party." *Crippen v. Town of Hempstead*, 2013 WL 2322874, at *1 (E.D.N.Y. 2013).

      Here, document discovery is not complete, and depositions have not been held. The Amended Pleadings contain the following changes which should be allowed: (i) the Third and Fourth Claims (Wage Theft Prevention Act claims for wage and pay notices) adds a paragraph which pleads that Plaintiffs' interest were impinged by Defendants failing to provide them the requisite notices; (ii) Plaintiffs withdrew their claims for delayed wages for manual workers and unpaid spread of hours (3rd and 7th Cause of Action in the Complaint); (iii) the Fifth Claim for Fraudulent Filing of Tax Returns is now limited to Plaintiff Romulo Herrera; and (iv) the Sixth Claim is added for unlawful retaliation.

      **I.  Plaintiffs' Wage Theft Prevention Act Claims Are Not Futile.** As Magistrate Judge Robert M. Levy of this Court recently noted, there is a three-way split of authority on whether there is a private right of action for failure to provide wage notices and statements under NYLL §§ 195(1) and 195(3). *See Laurie Gunthropes v. The IM Group, LLC,* 2024 WL 2031191, at *7 (E.D.N.Y. Apr. 11, 2024), *report and recommendation adopted*, 2024 WL 2022688 (E.D.N.Y. May 7, 2024)(Ross, A.). In *Gunthropes*, Magistrate Levy held: "[S]ome courts in this Circuit have found allegations of technical violations of New York Labor Law's wage notice and statement requirements to be insufficient, on their own, to confer Article III standing … Nevertheless, other courts in this Circuit have continued to grant statutory damages for wage statement and notice violations…[another Court] recently found that a plaintiff bringing claims under the WTPA for wage statement and notice violations is not required to show 'the downstream impact on the plaintiff of the non-provision of the required notice. In so finding, the court in *Bueno* emphasized that the concrete harm necessary for

Article III standing is captured in the legislative purpose of the WTPA, which provides not only an avenue for employees to recover wages owed them by their employer but also a means to empower them—namely, through the provision of written notices with respect to employers' legal obligations—to advocate for themselves…. Here, Plaintiff alleges that she never received a wage notice or wage statement from defendant during the course of her employment with defendant …Therefore, I find that plaintiff has Article III standing to raise these statutory violations.   (Citations omitted).

Plaintiffs request that this Court adopt the reasoning in *Bueno v. Buzinover*, 2013 WL 2387113, at \*3 (SDNY 2023) wherein a plaintiff is not required to plead a "downstream" concrete injury. Alternatively, Plaintiffs request permission to file the Amended Complaint to allege the required injuries associated with the deprivation of the information required by wage statements and notices. *See Veloz et al. v. MM Custom House Inc.,* 2024 WL 1282690, at \*6 (EDNY Mar. 26, 2024) ("Plaintiffs have Article III standing to bring claims under NYLL §§ 195(1) and (3) based upon the facts alleged because wage notices and wage statements are necessary to empower employees to understand and advocate for their rights, and the deprivation of that information "can impinge on an employee's interest not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.")(Irizarry, D.)

**II. Plaintiffs Withdraw Their Claims for Manual Workers Delayed Wages (Formerly 7th Cause of Action).** Legally, there is a well-documented split in authority as to whether a private right of action exists for a delayed wages claim for manual workers. *See Bazinett v. Pregis LLC,* 2024 WL 1116287, at \*7 (N.D.N.Y. Mar. 14, 2024).   Factually, Plaintiff Romulo Saul Herrera ("Herrera") was paid by both check and cash – with the check portion paid once every two weeks - as detailed in their Complaint. *See* ECF No. 1, ¶ 45.  As noted above, Defendants failed to provide Plaintiffs with copies of those checks in discovery.  However, with Court permission, the Amended Complaint now removes and withdraws this cause of action and Plaintiffs reserve their rights to reassert it later upon a motion to the Court.

**III. Plaintiffs Withdraw Their Unpaid Spead of Hours Claim (Former 3rd Cause of Action).** Plaintiffs allege in their Complaint that they were paid between $200 to $350 a day and, if a daily quota wasn't hit, then the worker would be docked a half day's wages. Thus, Plaintiffs would earn less than minimum wages on those days when the quota wasn't hit, worked more than 10 hours, and are entitled to spread of hours pay. Notwithstanding the foregoing, Plaintiffs agree to file an Amended Complaint that removes this cause of action and reserves the right to reassert it later upon motion to the Court.

**IV.  Plaintiffs Claim for Fraudulent Filing Tax Returns Under  26 USC § 7434 is Not Futile.** This cause of action was contained in Plaintiffs' Complaint and Plaintiffs now seek to limit it to Plaintiff Romulo Herrera. Thus, should Defendants seek to dismiss this cause of action, they must make the proper application.  However, should this Court analyze this cause of action under the Rule 15 standard, then it must find that the cause of action is not futile. "Under 26 U.S.C. § 7434(a), [i]f any person willfully files a fraudulent information [federal tax] return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return. Section 7434(a) creates a private cause of action only where an information return is fraudulent with respect to the amount purportedly paid to the plaintiff.  A Form 941[,] ... the form used to file an employer's quarterly federal tax return, is an information return" for purposes of the statute.  *Grande v. 48 Rockefeller Corp.*, 2023 WL 5162418, at \*11 (S.D.N.Y. 2023)(citations omitted).

Thus, if an employe willfully misstates an employees' pay in its returns, that return is fraudulently filed and actionable under 26 USC § 7434.  Here, Defendants formerly argued that if an

employee is paid solely in "cash" – the failure to include that employee's pay in Defendants tax returns constitutes a "failure to file" and not a "false filing" (i.e. an omission not a commission). However, while Defendants admit that Plaintiff Romulo Herrera ("Herrera") was paid by "company check" in their letter, and by "check" and "cash" in their interrogatory responses, they somehow argue that the check was "not a paycheck for which he was issued a tax document/was reported on any tax filing by Defendants as wages." This statement is not true. Indeed, Defendants issued Herrera a W-2 in 2022 which they failed to provide to Plaintiffs in discovery. We trust the failure to provide the subject W-2 to Plaintiffs and the subsequent argument to the Court that it was never issued by Defendants, was a mere oversight. Thus, Plaintiffs believe that Defendants tax returns will indicate an amount paid to Herrera (pursuant to the issued W-2) while omitting the additional cash payment (no W-2 issued for those amounts). Therefore, the amount paid to Herrera as indicated on Defendants tax returns are false, a clear violation of 26 USC § 7434. As noted, Plaintiffs agree to limit this cause of action to Plaintiff Herrera for year 2022.

**V. Plaintiffs Add a Cause of Action For Retaliation**. Defendants' served subpoenas to the following eight entities: Big Brother Tree Service, Branching Out Tree Service, Tree Service, Diesel Direct, Golden Pine Tree Service, JCs Tree Service, JR's Tree Service, and We Care. The subpoenas commanded the following: "with respect to the employment of Romulo Herrera, Caleb Gonzalez, Edwin Duran, Jorge Gonzalez, Erick Guardado &/or Noe Gonzalez from 2017-current: all documents identifying (i) dates of employment; & (ii) terms & conditions of employment (e.g. communications, schedules, time records, wage records, personnel files).

The subpoenas were issued in blanket fashion – all requesting the same exact information for the same exact years (2017 to current) for the same plaintiffs. However, the subpoenaed documents are greatly beyond the terms that Plaintiffs alleged they worked for Cheap Charlies. Specifically, the subpoenas demand the employment records from 2017 - which predates the period that Edwin Duran, Jorge Gonzalez, Erick Guardado and Noe Gonzalez alleged they worked for Cheap Charlies. Similarly, the subpoenas require the production of "current" employment records - despite no plaintiff alleging he worked for Cheap Charlies after April 2023. On May 30, 2024, Your Honor quashed the subpoenas as over-broad. Plaintiffs properly allege in the Amended Complaint that serving the subpoenas constitutes unlawful retaliation and such claim is not futile and should be allowed. *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("The terminated employee [ ] may have tangible future employment objectives, for which he must maintain a wholesome reputation. Thus, plaintiffs may be able to state a claim for retaliation, even though they are no longer employed by the defendant company [if] the company 'blacklists' the former employee, wrongfully refuses to write a recommendation to prospective employers, or sullies the plaintiff's reputation."). In *Han v. Shang Noodle House, Inc.*, the court held that an employer's Tiktok video stating in part "[w]hoever owns restaurants in the United States, please do not hire" the plaintiff "clearly constitute[d] disadvantageous post-employment conduct" because it diminished the plaintiff's future employment prospects. 2022 WL 4134223 at *7 (EDNY 2022); *see also Su v. Bevins & Son, Inc.*, 2024 WL 2059333, at *6 (D. Vt. May 7, 2024).

The parties made a good faith effort to resolve the issues contained in their letter and obtained a Court briefing schedule for the submission for this application and Defendants' response. Plaintiffs thank the Court for considering this request.

Dated: June 21, 2024

/s/ Marcus Monteiro