

**Monteiro & Fishman LLP**
ATTORNEYS AT LAW

Main Office:
91. N. Franklin Street
Hempstead, New York 11550
Tel.: 516/280.4600
*MFLawNY.com*
*GetOvertimePay.com*

Marcus Monteiro

July 3, 2024

**VIA ECF**

The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      RE:    *Herrera, et al. v. Zanghi, et al.*
               Civ. No.: 23-cv-03726-JMA-ST

Dear Judge Tiscione:

      This Firm represents Plaintiffs in this wage/overtime case. Plaintiffs hereby seek to modify and supplement their already filed motion for permission to file an Amended Pleading under Rule 21 and 15(a) of the Fed. R. Civ. P. The modification is necessary due to a recently filed lawsuit by Defendants and because of a threatening text by Defendants to Plaintiffs.

      On June 21, 2024, Plaintiffs moved to amend their Complaint for the reasons stated in that motion. (Dkt. 32). Defendants opposed the motion on June 28, 2024. (Dkt. 33). The Court has not yet issued a decision or scheduled a conference on the motion.

      On June 28, 2024 Defendants emailed me a copy of a Complaint Defendants filed in Suffolk Supreme Court against Plaintiffs herein "Romulo Saul Herrera Perla, Caleb Gonzalez, Edwin M. Duran Molina, Jorge Gonzalez, Erick Guardado, Noe Gonzalez, Geovanny A. Ramirez Alfaro, and Elmer Rodriguez" asserting causes of action for: Breach of Fiduciary Duty, Breach of the Duty of Loyalty, Violation of the Faithless Servant Doctrine, Fraud by Nondisclosure, Fraud and Deceit, Conversion and Unjust Enrichment." (the "Suffolk Complaint"). Perhaps worse, Defendants state that Plaintiffs conduct "constitutes various crimes under, *inter alia*, the New York Penal Law."

      Plaintiffs now wish to add to their Amended Compliant additional grounds for Retaliation to include: (i) the filing the Suffolk Complaint as it is baseless and designed to harass the Plaintiffs, and (ii) Defendant sending a text to Geovany Ramirez as follows: "I'm sending the picture of your license to ice. Good luck." Additionally, the Suffolk Complaint states that "[GKA Industries LLC Inc.] operated Cheap Charlies Tree Service from approximately December 1, 2013 until in or about June 2022." As such, GKA is the corporate entity that behind Cheap Charlies and Plaintiffs seek to add it as a party- Defendants herein under Rules 21 and 15. A redlined version of the changes to the Complaint and Amended Complaint are attached at Ex. 1. The Suffolk Complaint at Ex. 2.

      I.  **Plaintiffs Should be Permitted to Add Additional Basis for Retaliation.**

      Plaintiffs seek to add threats of calling immigration offices as a basis for their retaliation claim. As pleaded by the Amended Compliant, Defendants texted the following to Plaintiff Geovanny

Ramirez after being served with the Complaint: "I'm sending the picture of your license to ice. Good luck." This threat constitutes unlawful retaliation. *Burns v. Nurnberger Corp.*, 2018 WL 5927575, at *11 (E.D.N.Y. 2018) (Tiscione, S.) *report and recommendation adopted sub nom. Burns v. Kelly Enterprises of Staten Island, LLC*, 2018 WL 5928106 (E.D.N.Y. 2018) ( citing *Jasper Trading, Inc.*, 2007 U.S. Dist. LEXIS 103814, at *27 (awarding punitive damages for threats of calling immigration officials).

Additionally, the Amended Complaint properly alleges that the filing of the Suffolk Complaint is baseless and designed to cause an *in terrorem* effect – and therefore constitutes retaliation. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008)("The courts in this Circuit have held that the filing of "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions." That is because "[b]ad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights [have an] *in terrorem* effect."); *see also Rodriguez v. National Golf Links of America*, 2020 WL 3051559, at *3 (E.D.N.Y. June 8, 2020) ("District courts in this Circuit are also clear that 'the filing of a baseless lawsuit can be an adverse action' within the meaning of FLSA retaliation." (citing *Nunez v. Metro. Learning Inst., Inc.*, 2019 WL 5457731, at *1 (E.D.N.Y. 2019); *Chan v. Big Geyser, Inc.*, 2018 WL 4168967, at *11 (S.D.N.Y. Aug. 30, 2018) ("[C]ourts have held that filing baseless counterclaims against FLSA plaintiffs can, under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation." (internal quotation marks omitted). *Pawlowski v. Kitchen Expressions Inc.*, 2017 WL 10259773, at *5 (E.D.N.Y. 2017) ("[O]nly if a counterclaim is baseless can it constitute retaliation under employment law.").

Perhaps worse is Defendants' not so subtly threat that Plaintiffs' conduct "constitutes various crimes under*, inter alia*, the New York Penal Law." Defendants' threat to a violation of the NY Penal Law is clearly designed solely to gain an advantage in a civil matter and highly improper.

## II.     Plaintiffs Should be Allowed to Add GKA Industries LLC Inc. as a Defendant.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Jipeng Du v. Wan Sang Chow*, 2019 WL 3767536, at *5 (E.D.N.Y. 2019) (where "a proposed amendment adds a new party, the propriety of amendment is governed by Rule 21"). In deciding whether to permit the addition of a new defendant under Rule 21, "courts apply the same standard of liberality afforded to motions to amend pleadings under." *Addison v. Reitman Blacktop, Inc.,* 283 F.R.D. 74, 79 (E.D.N.Y. 2011).

Plaintiffs request that GKA be added as a Defendants, and that the amendment relate back to the filing of the Complaint. Defendants admit the following: "GKA Industries LLC Inc. ("GKA") is a domestic corporation formed under the laws of the State of New York that maintained its primary place of business in the County of Suffolk and the State of New York.  GKA operated Cheap Charlie's Tree Service from approximately December 1, 2013 until in or about June 2022." See Ex. 1, ¶¶ 4-5. While Plaintiffs properly identified CMZ Leasing Corp. d/b/a Cheap Charlies Tree Service ("CMZ"), the Suffolk Complaint makes clear that CMZ operated Cheap Charlies from June 2022 to the present. *Id.,* ¶ 3.

Under Fed. R. Civ. P. 15(c)(1)(C), an amendment adding a party to relate back, three conditions must be met: (1) the amendment must assert a claim arising from the "conduct, transaction or occurrence" in the original pleading; (2) the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper

party's identity." Fed. R. Civ. P. 15(c)(1)(B-C); *Perez v. MVNBC Corp.,* No. 15 CIV. 6127 (ER), 2016 WL 6996179, at *6 (S.D.N.Y. Nov. 29, 2016). Rule 15(c) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 553 (2010).

"At a minimum ... notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action." *Girau,* 2016 WL 5017319, at *6 (citing *Morel v. DaimlerChrysler AG,* 565 F.3d 20, 26 (1st Cir. 2009). Notice of allegations against a proposed defendant may be imputed through a shared attorney if the attorney knew or should have known that but for a mistake concerning the identity of the proper party, the proposed defendant would be added. *See Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir. 1989); *Hutnik v. Security Messenger Serv., Inc.,* No. 89 Civ. 6481, 1999 WL 619592, at *6 (S.D.N.Y. Aug. 16, 1999). To satisfy the third requirement, Plaintiff must show that she made a mistake about the identity of the proper defendant and that the proposed defendant knew or should have known that, but for the mistake, it would have been sued. *See Krupski,* 560 U.S. at 548.

Here, Plaintiffs were paid in cash, except Romulo Herrera who briefly received checks from CMZ in 2022. As such, the Plaintiffs were provided no documents identifying the corporate entity of GKA. The allegations in the Complaint were against the business known as Cheap Charlies Tree Service - and Defendants "knew" or "should have known" that the corporate entity behind Cheap Charlies was GKA before June 2022, and not CMZ as alleged. Defendants cannot dispute that the asserted claims "arise out of the conduct, transaction or occurrence set out in the original pleadings". Further, Defendants received notice of the action and cannot be said to be prejudiced in these proceedings as the share the same attorneys of Milman Labuda Law Group PLLC (who represents both GKA and CMZ in the Suffolk Complaint, CMZ here, and likely GKA here if the Amendment is permitted). Finally, GKA certainly knew it was the corporate entity that ran the business known as Cheap Charlies. *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (allowing relation back where the complaint contained details identifying the correct defendant.); *J&J Sports Prods., Inc. v. 88-18 Tropical Rest. Corp.,* 2018 WL 1701942, at *3 (E.D.N.Y. 2018)("What is not in dispute is that Plaintiff failed to properly name the correct corporate entity in this case. It also is not in dispute that Answering Defendants have responded on behalf of a corporation that controlled (or whose predecessor controlled) the location in question on the night of the alleged unlawful exhibition….As it is clear that notice requirements were met and Answering Defendants were aware that they would have been named but for an error, and no prejudice has occurred as a result of the error.")

Finally, the parties made a good faith effort to resolve the earlier-made motion, which was evidenced by the fact that it was opposed – which motion has not yet been decided. (Dkts.32-33). Plaintiffs hereby move on an expedited basis to supplement that earlier motion so the Court may decide the earlier filed and current motions to amend collectively – to avoid duplicative work and judicial waste.

Plaintiffs thank the Court for considering this request.

Dated: July 3, 2024

/s/ Marcus Monteiro